IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHOPPING EZ, LLC and ERICA FRESH,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT<br><br>Case No. 2:24-cv-00287-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is a motion to dismiss this action or, in the alternative, for an order requiring a more definite statement brought by defendants Shopping EZ, LLC and Erica Fresh. ECF No. 16. The motion is DENIED.

## BACKGROUND

Axcess Global Sciences, LLC sells nutritional supplements that contain beta-hydroxybutyrate (BHB). It owns the registered trademark "goBHB." Shopping EZ, which does business under aliases such as Health & Wellness Plus and Tygaz, also sells nutritional supplements. Fresh is the sole member of Shopping EZ and exercises exclusive control over all aspects of the company.

Shopping EZ listed a variety of products on Walmart's ecommerce website. The labels for many of these products advertised that they contained BHB. The labels for 15 of the listed Shopping EZ products also suggested that the nutritional supplements contained patented ingredients. Additionally, the packaging for 12 of the Shopping EZ products used the term "goBHB."

Axcess Global sued Shopping EZ and Fresh, asserting claims for trademark infringement, false advertising, and false patent marketing under federal law and a claim for unfair competition under Utah law. Axcess Global alleged that the defendants (1) unlawfully used its goBHB trademark on Shopping EZ products, (2) falsely advertised that Shopping EZ products contained BHB, and (3) falsely claimed that Shopping EZ products contained patented ingredients.

Now before the court is the defendants' motion to dismiss or, in the alternative, for an order requiring a more definite statement. The defendants argue that the court should dismiss all claims against Fresh because the complaint fails to state a claim against her. They also contend that the court should dismiss the complaint for failure to state a claim because URLs listed in that document no longer link to active product listings. Finally, the defendants assert that the court should order Axcess Global to amend its complaint to provide a more definite statement.

## ANALYSIS

**I.     MOTION TO DISMISS**

  *A.     Legal Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

B.     *Claims Against Fresh*

Defendants argue that Axcess Global's claim that Fresh is individually liable for her actions that resulted in trademark infringement, false advertising, false patent marketing, and unfair competition should be dismissed because Axcess Global failed to allege specific facts that would tend to prove her personal liability.[1] The court disagrees. In its complaint, Axcess Global asserted that "Fresh is the sole organizer, manager, operator, director, and officer of Shopping EZ" and that she "exercises exclusive and total control over all substantive aspects of Shopping EZ, including for the knowing and willful misconduct alleged herein." ECF No. 2 at ¶ 5. The complaint further asserts that the "Defendants"—i.e., both Shopping EZ and Fresh—were responsible for the product packaging and online listings that falsely advertised attributes of those products and that infringed Axcess Global's trademarks. These allegations are sufficient to show that Fresh personally participated in the claimed statutory violations.

The defendants also summarily argue that Fresh cannot be held individually liable because Axcess Global asserts only statutory claims rather than tort claims. In response, Axcess Global contends that false advertising, trademark infringement, and unfair competition are tort claims. But the court need not determine whether statutory claims for trademark infringement, false advertising, false patent marketing, or unfair competition are properly categorized as torts. Regardless of how these claims are characterized, agents of a business entity may be personally liable for their own actions that violate these statutes. *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) ("[A] corporate officer who directs, controls, ratifies, participates

---

[1] The defendants also argued that Fresh could not be liable under an alter ego theory. Axcess Global, however, clarified that it does not assert an alter ego theory of liability.

in, or is the moving force behind [trademark] infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil."); *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1314 (D. Colo. 2012) ("[A] claim for trademark infringement may be asserted against a stockholder or officer of a corporation who is responsible for his corporation's infringing activities."); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (holding that a corporate officer may be personally liable for false advertising under the Lanham Act); *Urb. Dollz LLC v. Lashify, Inc.*, No. CV 23-1427-GW-AFMX, 2023 WL 8292459, at *11 (C.D. Cal. Oct. 17, 2023) (ruling that a corporate officer can be held personally liable for false patent marking and false advertising); *AVT California, L.P. v. Arrow Recycling Sols., Inc.*, No. 2:19-CV-00939-JNP, 2020 WL 5603419, at *8 (D. Utah Sept. 18, 2020) ("Utah courts agree that corporate officers may be liable for wrongful activity in which they personally participate.").

Accordingly, the court denies the defendants' motion to dismiss the claims against Fresh in her individual capacity.

    C.    *URLs and Hyperlinks*

In its complaint, Axcess Global lists numerous URLs for Shopping EZ's alleged product listings on Walmart's ecommerce website. The defendants claim that these URLs no longer link to active webpages, resulting in the message: "We couldn't find this page." They argue that because the URL's do not currently lead to active listings, the court should dismiss all of Shopping EZs claims. The court disagrees. In its complaint, Axcess Global alleges specific facts regarding statements and phrases used on packaging advertised on the Walmart website. These allegations are sufficient to state a claim against the defendants, regardless of whether the URLs lead to active product listings.

The defendants also cite Rule 7-5(b) of this court's local rules, which provides: "A hyperlink to any other resource[, other than internal hyperlinks links or links to a government website or to legal authority,] is permitted in any document filed with the court, provided that the party inserting the hyperlink . . . downloads the content and files it in PDF format as an exhibit . . . ." The defendants assert that the complaint contains broken hyperlinks to product listings and argue that because Axcess Global did not attach PDF versions of those listings, it violated this local rule. They further argue that this rule violation justifies dismissal of all claims. But nothing in Local Rule 7-5(b) suggests that dismissal of an action is an appropriate remedy for a failure to attach PDF copies of the linked material to a complaint. Because the allegations of the complaint, without reference to the hyperlinked webpages, are sufficient to state a claim, a failure to comply with Local Rule 7-5(b) does not justify dismissal of any of Axcess Global's claims.

## II.     MOTION FOR A MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." The defendants argue that the court should order Axcess Global to provide a more definite statement of its claims for two reasons.

First, the defendants fault Axcess Global for using the term "Defendants" throughout the complaint to refer to Shopping EZ and Fresh. But the use of this term is neither vague nor ambiguous. Axcess Global explicitly alleges that both Shopping EZ and Fresh, in her individual capacity, are liable for each claim asserted. Second, the defendants argue that Axcess Global's use of the term "Falsely Advertised Product" is vague because most of the URLs and hyperlinks to the webpages for the allegedly infringing products no longer link to active listings. In the complaint,

however, Global Axcess lists the names of each of the products that the defendants sold that included allegedly false representations on the packaging. A functional URL or hyperlink is not required to reasonably prepare a response to the complaint.

Thus, the court concludes that the allegations of the complaint are not so vague as to prevent the defendants from formulating a response.

## CONCLUSION AND ORDER

For the above stated reasons, the defendants' motion to dismiss or, in the alternative, to require a more definite statement is denied.

DATED February 25, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge